**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-70050

BILLY JOHN GALLOWAY,

Petitioner-Appellant

v.

RICK THALER, Director, Texas Department of Criminal Justice,
Correctional Institutions Division,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas, Dallas Division

Before HIGGINBOTHAM, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

Petitioner Billy John Galloway, convicted of capital murder and sentenced
to death in Texas state court, seeks a certificate of appealability ("COA") to
appeal the district court's order dismissing his petition for writ of habeas corpus
under 28 U.S.C. § 2254. Galloway alleges he received ineffective assistance of
counsel because his trial counsel failed to investigate and present mitigating
evidence during the punishment phase of trial. The district court held that
Galloway had not shown deficient performance of counsel and prejudice

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

resulting therefrom. Because jurists of reason would not find debatable the district court's ruling, Galloway's application for a COA is DENIED.

## I. BACKGROUND

Galloway was convicted and sentenced to death for the 1998 murder of David Logie in Hunt County, Texas. The evidence presented to the jury included evidence of the following basic facts. Galloway, his friend Kevin Varga, and two women, all of whom were on probation or parole with the South Dakota Department of Corrections, determined to bring in some money by robbery or extortion. The women met Logie, the victim, at a hotel and convinced him to leave with them in Logie's rental car. Galloway and Varga followed in a car obtained from a man Varga had previously killed. When Logie's car stopped, Galloway and Varga beat, killed, and robbed Logie.

Galloway gave specific instructions to his trial attorneys. He stated he did not want to "punk out" or lose his "tough-guy" image, and that his attorneys were not to present any evidence that shifted blame to Varga. He also told his attorneys not to present evidence that would cast his father in a negative light, though mitigation evidence often concerns circumstances of childhood. His attorneys presented no mitigation evidence at sentencing, and later stated that this was for various reasons, some of which were related to Galloway's instructions. After Galloway was convicted and sentenced to death, he filed a 28 U.S.C. § 2254 petition alleging ineffective assistance of counsel based on the alleged failure of his counsel to properly present and investigate mitigation evidence. The district court denied Galloway's petition, and he now seeks a COA from this court.

## II. STANDARD OF REVIEW

Because Galloway filed his 28 U.S.C. § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, his petition is governed by the procedures

and standards provided therein. *See Parr v. Quarterman*, 472 F.3d 245, 251–52 (5th Cir. 2006). Under the AEDPA, a petitioner must obtain a COA before appealing the district court's denial of habeas relief. 28 U.S.C. § 2253(c)(1)(A). This is a jurisdictional prerequisite. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

A COA will be granted only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). While this threshold inquiry calls for "an overview of the claims in the habeas petition" and "a general assessment of their merits," the court is not allowed to engage in "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El*, 537 U.S. at 336. Rather, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 338 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Any doubt regarding whether to grant a COA requires resolution in favor of the petitioner, and the court may consider the severity of the penalty in making that determination. *Fuller v. Johnson,* 114 F.3d 491, 495 (5th Cir. 1997).

## III. DISCUSSION

Galloway asserts that his attorneys failed to present mitigation evidence in their possession, and failed to conduct a more thorough investigation into other possible mitigation evidence. We discuss each argument in turn.

## A. Standard for ineffective assistance of counsel

To succeed on his ineffective assistance claim, Galloway had to satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). He was required to prove by a preponderance of the evidence that: (1) his attorneys' performance was deficient; and (2) the deficient performance prejudiced his defense. *Id.* at 687. The first prong requires Galloway to prove that his attorneys' representation fell below an objective standard of reasonableness. *Id.*

at 688. When a petitioner argues that his attorney failed to adequately investigate mitigation evidence, the proper inquiry is "not whether counsel should have presented a mitigation case, . . . [but] whether the investigation supporting counsel's decision not to introduce mitigating evidence of [the defendant's] background *was itself reasonable.*" *Wiggins v. Smith*, 539 U.S. 510, 523 (2003).

The second prong of *Strickland* requires Galloway to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Inherent within the prejudice requirement is an element of causation. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, . . . and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* at 693.

When deciding prejudice in the context of capital sentencing, the court must "weigh the quality and quantity of the available mitigating evidence, including that presented in post-conviction proceedings, along with . . . any aggravating evidence." *Blanton v. Quarterman*, 543 F.3d 230, 236 (5th Cir. 2008). The question is then "whether the changes to the mitigation case would have a reasonable probability of causing a juror to change his or her mind about imposing the death penalty." *Id.*

## B. Failure to present evidence already available

Galloway's petition asserts that ample mitigation evidence was available to his attorneys, which should have been presented at sentencing but was not. This evidence showed a troubled childhood, abuse at the hands of his father, and his drug use since age twelve. The district court determined that Galloway could not claim ineffective assistance based on counsel's failure to present mitigation

evidence because Galloway had instructed them not to present certain evidence, and any evidence not prohibited by Galloway's instructions would not have caused a juror to change his or her mind about imposing the death penalty.

Galloway's attorneys presented several justifications for their inaction. The trial team consisted of two attorneys, Jerry Davis and Dennis Davis (no relation), and their senior legal assistant, Paula Malacek. All three were deposed in prior Texas habeas proceedings. The attorneys stated they believed that evidence of Galloway's drug use would not have had a mitigating effect in Hunt County, Texas, and in fact may have prejudiced the jurors against Galloway. Furthermore, the attorneys stated that they did not offer the expert testimony of Dr. Hopewell, a psychologist hired by the defense to evaluate Galloway, because: (1) Galloway did not cooperate with the evaluation, and the testimony would therefore be limited in nature; and (2) had Hopewell testified, the prosecution would have been entitled to examine Galloway with their own psychologist, which could have been highly prejudicial to Galloway's case.

With regard to evidence of childhood abuse, Galloway has asserted that his attorneys should have ignored his instructions and presented a mitigation case. He hinges this argument on the 2003 and 1989 editions of the American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases ("Guidelines").[1] *See* 2003 Guidelines § 10.5 commentary (2003) ("Some clients will initially insist that they want to be executed . . . some clients will want to contest their guilt but not present mitigation. . . . It is ineffective assistance for counsel to simply acquiesce to such wishes"); *id.*

---

[1] Although the Supreme Court has endorsed various sets of ABA Guidelines as instructive on the issue of reasonableness in representation, *see Strickland*, 466 U.S. at 688–89, neither the Supreme Court nor this court have ever found the Guidelines to be dispositive of a claim of ineffective assistance, *see id.* (noting that the Guidelines "are guides to determining what is reasonable, *but they are only guides*" (emphasis added)); *Ransom v. Jones*, 126 F.3d 716, 723 (5th Cir. 1997) (finding that a failure to meet the standards of the Guidelines is not *per se* ineffective assistance of counsel).

§ 10.7(A)(2) ("The investigation regarding penalty should be conducted regardless of any statement by the client that evidence bearing upon penalty is not to be collected or presented."); 1989 Guidelines § 11.4.2 commentary ("Capital counsel frequently must not only struggle against the public and prosecution but against the self-destructive behavior of the client as well." (internal quotation marks omitted)). The district court considered Galloway's arguments based on the Guidelines, and rejected them in light of Fifth Circuit precedent. [2]

The attorneys also asserted that they did not want to go against Galloway's instructions because they were afraid that Galloway would react negatively and possibly disrupt the proceeding (and, presumably, thereby hurt his own case) or attempt to harm the attorneys. Malacek stated in her deposition, however, that Galloway never explicitly said anything to indicate he might become violent, and Jerry Davis claimed he was never afraid of Galloway.

Having considered Galloway's arguments under the *Miller-El* standard, we conclude that he is not entitled to a COA on this ground. Reasonable jurists could debate the constitutional appropriateness of withholding evidence out of simple fear that Galloway would harm his attorneys. The district court, however, also considered independent justifications for the attorneys' decisions, based on their conclusions that the potential mitigation evidence could hurt Galloway's case, and on the possibility that Galloway would disrupt the

---

[2] The district court referred to our precedents holding that a criminal defendant cannot prevent his attorney from presenting evidence and later allege ineffective assistance. *See, e.g.*, *Wood v. Quarterman*, 491 F.3d 196, 203 (5th Cir. 2007) ("[T]his court has held on several occasions that a defendant cannot instruct his counsel not to present evidence at trial and then later claim that his lawyer performed deficiently by following these instructions."), *cert. denied*, 128 S. Ct. 1087 (2008); *Nixon v. Epps*, 405 F.3d 318, 325–26 (5th Cir. 2005) (finding that counsel was not ineffective for failing to present additional mitigating evidence over the defendant's objection); *Autry v. McKaskle*, 727 F.2d 358, 361 (5th Cir. 1984) ("By no measure can [the defendant] block his lawyer's efforts and later claim the resulting performance was constitutionally deficient.").

proceedings if his instructions were not followed and thereby "portray him[self] to the jury as a danger to society." Considering all of the offered bases for withholding the evidence, on their merits and in light of the prejudice requirement, Galloway has not established "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484). Accordingly, we deny Galloway's request for a COA on the issue of failure to present mitigation evidence.

## C. Failure to investigate potential mitigation evidence

Galloway has also alleged that trial counsel failed to conduct adequate investigation into mitigation evidence, thus leaving valuable evidence undiscovered. Galloway claims his attorneys would have discovered evidence of childhood physical abuse, sexual abuse, educational problems, psychological disorders, and alleged head trauma from a childhood car accident.

With respect to evidence regarding Galloway's childhood abuse, educational problems, and the car accident, the district court held that Galloway had not shown a reasonable probability that the evidence, had it been admitted, would have caused a juror to reconsider his or her decision regarding the death penalty. It also noted that such evidence would necessarily have cast Galloway's father in a negative light, and would have been contrary to Galloway's instructions. Therefore, even if the attorneys had discovered this evidence, it concluded they still might not have been able to utilize this evidence during sentencing.

With regard to the evidence of Galloway's alleged sexual abuse at the hands of a neighbor, the district court found that counsel was not deficient in failing to discover the information. The court noted that Galloway himself was the only person with knowledge of the sexual abuse, and that Galloway failed to disclose any such evidence to his attorneys despite their efforts to talk with him.

Finally, the district court held that the attorneys were not deficient in failing to investigate Galloway's psychological issues. The attorneys in fact hired a psychologist, Dr. Hopewell, in an attempt to discover potentially mitigating evidence of psychological disorders, but Galloway did not cooperate with the evaluation.

Having considered the arguments, we conclude that Galloway has not met his burden of showing "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484). Accordingly, we deny Galloway's request for a COA on the issue of his attorneys' failure to investigate.

## IV. CONCLUSION

Jurists of reason would not find it debatable whether the district court was correct in its ruling. Accordingly, Galloway's request for a COA is DENIED.